UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BASIM REZQALLAH,<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )   No. 1:25-CV-141-JJM-LDA |
| RHODE ISLAND DEPARTMENT<br>OF LABOR AND TRAINING,<br>    Defendant. | )<br>)<br>)<br>)<br>) |

ORDER

Basim Rezqallah has filed a Complaint against the Rhode Island Department of Labor and Training ("DLT"). Mr. Rezqallah is proceeding *pro se* and, as a result, the Court extends him both flexibility and latitude in reviewing his Complaint. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Because he has moved to Proceed *In Forma Pauperis* without paying a filing fee, the Court must determine whether the Complaint, as written, states a federal cause of action. 28 U.S.C. § 1915. If it does not, it cannot proceed in the form it is in, but the Court can extend Mr. Rezqallah an opportunity to amend his Complaint to bring it into compliance. That is what will happen here.

A Complaint must do *two* things. First, it must establish that this Court has jurisdiction to hear the case. A federal court is a court of limited jurisdiction and not every wrong can be remedied here. For this Court to have jurisdiction, there must either be a federal question at issue arising from a federal constitutional provision or statute, or there must be diversity of citizenship between the parties. 28 U.S.C. §

§ 1331, 1332. Here, it appears that Mr. Rezqallah is asserting diversity jurisdiction because he is a resident of North Attleborough, Massachusetts and he is suing a Rhode Island governmental agency. To achieve diversity jurisdiction, however, the injury done to the plaintiff must equal or exceed $75,000, and here Mr. Rezqallah believes he was underpaid by some $ 5,180, including a vacation for which he was never paid. The Complaint also refers to waiting for $17,500 from the defendant and not being paid, but even that is a far cry from the $75,000 jurisdictional requirement for diversity.

Diversity is unnecessary if the Complaint states a federal cause of action, some violation of federal law. In this Complaint, Mr. Rezqallah complains that his employer consistently failed to pay him overtime wages over a period of thirteen weeks employment. A lawsuit for failure to pay overtime wages would be brought under the Federal Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201) or both the FLSA and the Rhode Island overtime statute (R.I. Gen. Laws § 28-12-4.1). Both statutes require not only that overtime be paid to employees, but also that the rate of overtime pay is equal to 1-1/2 times the regular rate of pay. Those statutes also provide the possibility of double or treble damages. Suing under the FLSA, or both statutes together, would present a federal question adequate to support this Court's jurisdiction.

Finally, this Complaint does not as it is written support a claim against DLT. In a wage claim the *employer* who is named as the defendant and this Complaint does state a claim against Big Tony's Pizza but neglects to list that business as a

2

defendant. As for the DLT, Mr. Rezqallah alleges that DLT owes him $17,500 and that he has been waiting five months to be paid. But the Complaint provides no detail about *why* DLT "owes" him money. Did DLT adjudicate this claim and make an award that has not yet been paid?

The Complaint as it is currently written cannot go forward here. That said, Mr. Rezqallah is granted 30 days in which to amend his Complaint by:

1. Naming an appropriate defendant, which is likely to be the business or person paying his wages.
2. Specifying the date range of the thirteen weeks he described working overtime.
3. Stating a basis for his claim, which may be the federal FSLA or both the FSLA *and* the Rhode Island overtime Act.
4. Describing *why* DLT owes $17,500; what happened that involved DLT?

If Mr. Rezqallah files an Amended Complaint on or before May 17, 2025, the Court will review it for sufficiency and, if the identified defects are cured, will grant *In Forma Pauperis* status and waive the filing fee because the Application filed demonstrates that Mr. Rezqallah is unable to prepay the fee. If no Amended Complaint is filed before May 17, the Complaint may be dismissed.

So Ordered:

*s/John J. McConnell, Jr.*
_____
John J. McConnell, Jr.,
Chief Judge
April 22, 2025
.